UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
CARROLL LASSITER, :
:
Plaintiff, :
: 22 Civ. 9561 (JPC)
-v- :
: ORDER OF SERVICE
NYC DEPT OF CORRECTIONS MEDICAL DEPTS (C- :
76), (V.C.B.C.), *et al.*, :
:
Defendants. :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff, who is a pretrial detainee currently confined in the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that the medical staff at VCBC and the Eric M. Taylor Center ("EMTC")[1] on Rikers Island have provided inadequate medical care for his hernia. By order dated February 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

As set forth below, the Court: (1) dismisses all claims against the New York City Department of Correction ("DOC"), sued herein as "NYC Dept of Corrections Medical Depts (C-76), (V.C.B.C.)."; (2) adds the City of New York and the NYC Health + Hospitals ("H+H") as defendants; (3) substitutes Dr. Okvunduh Okene for Defendant Dr. Kenny; (4) requests that the City of New York waive service; (5) directs service on Defendants H+H and Dr. Okvunduh Okene; and (6) directs H+H to identify Defendants Parker and Angalo.

---

[1] Plaintiff asserts that he did not receive adequate medical treatment at C-76 on Rikers Island, referring to the Eric M. Taylor Center.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## I. STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II. DISCUSSION

**A.    Claims Against DOC**

Plaintiff names as defendant the "NYC Dept of Corrections Medical Depts (C-76), (V.C.B.C.)." To the extent he is bringing claims against the DOC, the claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Because Plaintiff is bringing claims concerning his medical care at VCBC and EMTC, in light of his *pro se* status, the Court construes the complaint as asserting claims against the City of New York and H+H, which is the medical care provider for all DOC facilities. The Court directs the Clerk of Court to amend the caption of this action to add the City of New York and H+H as

2

defendants. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York and H+H may wish to assert.

**B.      Substitute Dr. Okvunduh Okene for Defendant Dr. Kenny**

Plaintiff brings claims against a medical provider whom he identifies as "Dr. Kenny." The Court has determined that the medical provider Plaintiff seeks to sue is Dr. Okvunduh Okene. The Clerk of Court is directed to amend the caption of this action to replace Defendant Dr. Kenny with Dr. Okvunduh Okene. *See id*.

**C.      Waiver of Service for the City of New York**

The Clerk of Court is directed to notify DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**D.      Service on H+H and Dr. Okvunduh Okene**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants H+H and Dr. Okvunduh Okene through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses are issued.

further instructed to issue summonses for the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served on Defendants within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### E.   *Valentin* Order to Identify Defendant Parker and Angalo

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit H+H to identify the two nurses who were involved in Plaintiff's medical care from July 30, 2022, at either VCBC or EMTC.  Plaintiff does not provide their full names, only identifying the two defendants as Ms. Parker and Ms. Angalo.  It is therefore ordered that H+H must ascertain the identities of the two nurses whom Plaintiff seeks to sue here and the addresses where these defendants may be served.  H+H must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of each of the defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete and deliver all documents necessary to the U.S. Marshals Service to effect service on the newly named defendants.

F.     **New York Legal Assistance**

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant.  Once received, it may take up to two weeks for the Clinic to contact the litigant.  Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

### III. CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction, sued herein as "NYC Dept of Corrections Medical Depts (C-76), (V.C.B.C.)."  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add the City of New York and the NYC Health + Hospitals as defendants under Fed. R. Civ. P. 21.  The Clerk of Court is also directed to amend the caption of this action to replace Defendant Dr. Kenny with Dr. Okvunduh Okene.  *See id*.

The Clerk of Court is also instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York waive service of summons.

The Clerk of Court is ordered to issue summonses for Defendants NYC Health + Hospitals and Dr. Okvunduh Okene; complete a USM-285 form with the address for each defendant; and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court also directs the Clerk of Court to mail a copy of this order and complaint to NYC Health + Hospitals at 50 Water Street, New York, New York 10004.

Plaintiff is referred to the NYLAG Pro Se Clinic. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

The Clerk of Court is further directed to mail an information package to Plaintiff. An Amended Civil Rights Complaint form is also attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 9, 2023
        New York, New York

                                                      JOHN P. CRONAN
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. NYC Health + Hospitals
   50 Water Street
   17th Floor
   New York, New York 10004

2. Okvunduh Okene, MD
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   1st Floor
   Astoria, New York 11105