UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CARROLL LASSITER,                                                 :
                                                                  :
                              Plaintiff,                          :
                                                                  :              22 Civ. 9561 (JPC)
                 -v-                                              :
                                                                  :                    ORDER
Dr. OKVUNDUH OKENE *et al.*,                                      :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 5, 2023, the Court ordered Plaintiff to file a letter indicating whether good cause exists for his failure to timely serve Defendant NYC Health+Hospitals ("H+H") and providing a correct address for that Defendant by July 19, 2023.  Dkt. 14.  Plaintiff failed to file that letter, and on August 3, 2023, the Court was notified that the mailed Order had been returned because Plaintiff had been discharged from the Vernon C. Bain Correctional Center and had not provided a new address.  Minute Entry dated Aug. 3, 2023.  The *pro se* information package previously provided to Plaintiff informed him that it is his responsibility to update the Court with any change of address, and stated that "[y]our case could be dismissed if you do not notify the court of an address change." Dkt. 8 at 2.  On August 8, 2023, and then again on September 11, 2023, the Court gave Plaintiff further opportunities to appear and provide an updated address, and each time warned Plaintiff that failure to comply with these Orders could result in the Court dismissing this case without prejudice. Dkts. 21, 22.  Yet Plaintiff still has failed to appear or provide an updated address by the deadlines set in those Orders.  Nor has Plaintiff requested an extension of time to serve H+H, shown good cause for his failure to timely serve H+H, or provided a correct address for H+H.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a

court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored three of the Court's Orders.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal").  Second, the Court warned Plaintiff multiple times that failure to comply would result in the case being dismissed without prejudice.  *See* Dkts. 14, 15, 17.  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so."  *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has

determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court *sua sponte* granted Plaintiff an additional chance to comply by appearing and providing an updated address as a less drastic sanction than dismissal, even after multiple failures to comply with prior Orders.  However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate."  *Id.*

The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: October 10, 2023
      New York, New York

                              JOHN P. CRONAN
                        United States District Judge